IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MITCHELL FUNERAL DIRECTORS, LLC**                                        PLAINTIFF

v.                            CASE NO. 3:24-CV-00031-BSM

**J. STUART TODD, INC.**                                                   DEFENDANT

## ORDER

Mitchell Funeral Directors, LLC's motion for summary judgment [Doc. No. 17] and J. Stuart Todd, Inc.'s (JST) motion for summary judgment [Doc. No. 19] are denied on Mitchell's breach of contract claim. JST's motion for summary judgment is denied on Mitchell's claim for consequential damages. Summary judgment is granted in JST's favor on all other claims.

## I. BACKGROUND

Mitchell contracted with JST to provide architectural services for the construction of a funeral home. Statement of Undisputed Material Facts ("SUMF") ¶¶ 1–2, Doc. No. 21. The contract capped JST's damages at $109,373. *Id.* ¶¶ 2–3. Billy Curl, Mitchell's owner and president, selected Dennis Allen Construction Company as the general contractor. *Id.* ¶ 5. JST supplied the construction contract between Mitchell and Allen Construction. *Id.* ¶ 7. Curl, on behalf of Mitchell, signed the construction contract but the parties dispute whether Curl returned the contract and whether the parties agreed that the contract was enforceable. *Id.* ¶ 15.

Construction was delayed due to COVID and the parties dispute whether the delays

were mitigated by JST. *Id.* ¶¶ 16, 19. JST claims that COVID restricted its ability to travel to the construction site. SUMF ¶ 21. Curl, on behalf of Mitchell, monitored progress via a camera system and communicated updates to JST. *Id.* ¶ 18. Although JST conducted five site visits between March 2021 and December 2021 and produced a list of progress, Mitchell argues that this does not conform with JST's contractual obligation. *Id.* ¶ 20. Moreover, the parties dispute whether Mitchell requested that JST conduct additional site visits and whether those requests were refused. *Id.* ¶ 21.

JST approved Allen Construction's payment applications based on invoices, conversations, and site visits. *Id.* ¶ 22. Mitchell argues that these approvals were inappropriate because they were based on inadequate observation and supervision. *Id.* ¶ 22. Moreover, Mitchell alleges that it had issues with Allen Construction's performance as shown by the fire marshal's refusal to issue a certificate of occupancy because the fire-rated doors were inadequate. SUMF ¶ 26. Whether this refusal was caused by deficiencies in JST's construction plans is disputed. *Id.* ¶ 28. In January, 2022, Mitchell stopped paying Allen Construction, who threatened to abandon the project. *Id.* ¶ 29. Mitchell took over the administration of the remaining construction, hired new sub-contractors and paid existing sub-contractors to complete the work. *Id.* Ultimately Allen Construction obtained a certificate of occupancy and Mitchell was able to offer funeral services in the new building. *Id.* ¶ 31.

Mitchell is suing JST for professional negligence and breach of contract and both parties are moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on all claims except Mitchell's breach of contract claim and Mitchell's claim for consequential damages.

A.  <u>Professional Negligence</u>

Summary judgment is granted on Mitchell's professional negligence claim because Mitchell failed to support it with expert testimony. Mitchell alleges that JST breached its duty to provide Mitchell with "professional architectural services," by "fail[ing] to skillfully perform these professional services." Compl. ¶¶ 32, 35, Doc. No. 2. Expert testimony is required to establish a professional negligence claim against JST. *See Wal-Mart Stores, Inc. v. Kilgore*, 148 S.W.3d 754, 759 (Ark. Ct. App. 2024) (expert testimony is required when the

asserted negligence is not a matter of common knowledge); *Clark v. Transcontinental Ins. Co.*, 197 S.W.3d 449, 457 (Ark. 2004) (expert witness's affidavit would support a finding that an architect was negligent). Although Mitchell states that it will produce expert calculations at trial, the deadline for disclosing its experts has passed. SUMF ¶¶ 34, 36; Fed. R. Civ. Pro. 26(a)(2)(D)(i). Summary judgment is therefore granted.

      B.      <u>Breach of Contract</u>

Both parties' motions for summary judgment are denied on Mitchell's breach of contract claim because there is a genuine factual dispute as to whether JST breached its obligation to supervise construction. SUMF ¶¶ 19–25, 28.

Sometimes, a breach of contract claim is duplicative of a professional negligence claim so that when a professional negligence claim is dismissed for lack of expert testimony, the breach of contract claim must be dismissed as well. *See, e.g., Koko Dev., LLC v. Phillips & Jordan, Inc.*, 101 F.4th 544, 550–51 (8th Cir. 2024). This, however, is not always the case. Indeed, the Eighth Circuit distinguishes claims "against architects for negligence-in-preparing plans and [claims against architects] for negligence-in-supervising plans." *Jaeger v. Henningson, Durham & Richardson, Inc.*, 714 F.2d 773, 776 (8th Cir. 1983) (citing *Bartak v. Bell-Galyardt & Wells, Inc.*, 629 F.2d 523, 530 (8th Cir. 1980)). "[N]egligence-in-preparing actions typically require expert testimony, while negligence-in-supervision actions typically come within the 'common knowledge' exception." *Id.* Dicta from the Arkansas Court of Appeals supports this position. In *Markhamwood, Inc. v. Fletcher, Miller, Dean & Associates, Inc.*, the Arkansas Court of Appeals affirmed a directed verdict for an architect

4

on a negligence claim against it due to a plaintiff's lack of expert testimony while cautioning that it "must be remembered that the case at bar was tried as a negligence action, and not for breach of contract." CA 80-223, 1980 WL 1008, at *2 (Ark. Ct. App. Oct. 22, 1980).

    C.    <u>Other Claims</u>

JST's motion for summary judgment is granted on all claims raised by Mitchell that were not specifically pleaded in the complaint.

    D.    <u>Damages</u>

JST's motion for summary judgment on Mitchell's claim for consequential damages beyond the architectural fees of $109,373 is denied. *See* Br. Supp. Defs.' Mot. Summ. J. ¶ 14, Doc. No. 20. Although JST's arguments are well-taken, summary judgment is denied because Mitchell may request consequential damages if the jury determines that JST engaged in willful misconduct or was grossly negligent. *See Robinson Ins. & Real Estate Inc. v. Sw. Bell Tel. Co.*, 366 F. Supp. 307, 311 (W.D. Ark. 1973) (contract limitation provision does not apply when party engages in willful and wanton misconduct or gross negligence).

## IV. CONCLUSION

For these reasons, summary judgment is granted on all claims except Mitchell's breach of contract claim and Mitchell's claim for consequential damages.

IT IS SO ORDERED this 12th day of September, 2025.

 

_____
UNITED STATES DISTRICT JUDGE